IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Case Number 8:26-cv-194

DAVID RUDOW & LESLIE RUDOW,

   Plaintiffs,

v.

FEDERAL EMERGENCY MANAGEMENT AGENCY,

   Defendant.
_____/

## COMPLAINT FOR DAMAGES

Plaintiffs, David Rudow and Leslie Rudow ("Plaintiffs"), file this Complaint against Defendant, Federal Emergency Management Agency ("Defendant"), and allege:

1. This is an action for breach of an insurance policy issued by Defendant to Plaintiffs pursuant to the National Flood Insurance Act of 1968, 42 U.S.C. § 4001, *et seq*. Pursuant to 28 U.S.C. § 1332, and 42 U.S.C. § 4072, this Court maintains exclusive jurisdiction over this action.

2. Plaintiffs owned the real property located at 11050 7th Street E, Treasure Island, FL 33706 ("the Home") at all material times hereto and are otherwise *sui juris*.

3. Defendant is a governmental agency authorized to issue policies through the National Flood Insurance Program. Defendant conducts business,

1

has offices and/or maintains agents for the transaction of its customary business in Pinellas County, Florida, and is otherwise *sui juris*.

4. In exchange for payment, Defendant issued a Dwelling Policy bearing Policy Number 4000184548 to Plaintiffs for the Home. *A true and correct copy of the Policy's Declarations Page is attached hereto as* **Exhibit "A".** The terms of the Policy are promulgated by Congress and published with the Code of Federal Regulations, 44 C.F.R. Pt. 61, App. A(1).

5. On or about September 26, 2024, a hurricane caused flooding damage to the Home, which is covered under the Policy. After the damage was reported to Defendant, it assigned Claim Number 267635 to the loss ("the Claim").

6. Defendant investigated the Claim and had an adjuster inspect the Property. Photographs and supportive documents, including completed-repair documents, were provided to Defendant by Plaintiffs at various stages throughout the adjustment.

7. Defendant ultimately acknowledged partial coverage then denied extending full coverage for all damages owed under the Policy in relation to the hurricane flooding damage, despite Plaintiff's written request for same.

8. Defendant also requested documentation from Plaintiffs that was timely provided by Plaintiffs. Despite this, Defendant denied extending full

coverage for all damages owed under the Policy in relation to the hurricane flooding damage despite Plaintiffs' written request for same.

9. Through today, Defendant refuses to extend all insurance coverage and proceeds owed to Plaintiffs for the Claim. Defendant has failed to: (i) pay for all of the covered damages; and (ii) acknowledge coverage for all the damages.

10. Plaintiffs have been unable to restore the Property to its pre-Loss condition and they seek reimbursement for repair payments made to the covered damages.

11. Plaintiffs have performed all conditions precedent to filing suit or, alternatively, all such conditions have been waived by Defendant.

12. Plaintiffs do not intend to waive any rights under the Policy or Law by filing this lawsuit. Plaintiffs reserve all rights and remedies afforded by the Policy and Law, including but not limited to any right to demand appraisal or any other alternative dispute resolution should coverage be found for the disputed items.

## **COUNT I BREACH OF CONTRACT**

Plaintiffs re-incorporate and re-allege the allegations contained within Paragraphs 1 through 12 as if fully set forth within.

13. Pursuant to the terms and conditions of the Policy, Defendant was obligated to indemnify the Plaintiffs for all damages caused by the hurricane-related flood waters.

14. The Property sustained hurricane-related flood water damages. Defendant has refused to extend coverage for the covered flood damages, and it has failed to fully indemnify Plaintiffs for the loss as required by the Policy.

15. As a direct and proximate result of Defendant's failure to honor its obligations and resulting breach of the Policy, Plaintiffs have incurred significant damages.

WHEREFORE, Plaintiffs demand judgment for damages against Defendant, pre-judgement interest, post-judgment interest, attorney's fees, costs and any further relief this Court deems just and proper.

Date: January 23, 2026.                        Respectfully submitted by,

/s/ Gabriel J. Fernandez
TINELLI FERNANDEZ, PLLC
2600 S. Douglas Road, Suite 302
Coral Gables, FL 33134
Phone: 786-877-4862
Fax: 305-370-6750
Anthony J. Tinelli, Esq.
Florida Bar Number: 959901
tinelli@tinellilaw.com
Gabriel J. Fernandez, Esq.
Florida Bar Number: 92374
fernandez@tinellilaw.com
rengifo@tinellilaw.com