**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DAVID RUDOW and
LESLIE RUDOW,

Plaintiffs,

v. Case No: 8:26-cv-194-TPB-AEP

FEDERAL EMERGENCY
MANAGEMENT AGENCY,

Defendants.
_______________________________________/

**ORDER GRANTING IN PART DEFENDANT'S "MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION"**

This matter is before the Court on Defendant's "Motion to Dismiss for Lack of Subject Matter Jurisdiction," filed on August 17, 2026. (Doc. 15). On September 8, 2026, Plaintiffs filed a response in opposition. (Doc. 17). After reviewing the motion, response, court file, and record, the Court finds as follows:

**Background**

Plaintiffs David and Leslie Rudow owned a home in Treasure Island, Florida, that was insured under a Standard Flood Insurance Policy ("SFIP") issued through the National Flood Insurance Program. On September 26, 2024, hurricane-related flooding from Hurricane Helene damaged the home. Plaintiffs reported the loss to the Federal Emergency Management Agency ("FEMA"), which assigned a claim number and sent an adjuster to inspect the property. During the adjustment

process, Plaintiffs provided FEMA with photographs, documentation concerning completed repairs, and other materials requested by FEMA. Plaintiffs allege that they have incurred repair expenses but have been unable to restore the home to its pre-loss condition.

On November 22, 2024, FEMA sent Plaintiffs a letter partially denying their claim. Plaintiffs thereafter continued to pursue additional benefits. According to Plaintiffs, FEMA subsequently reopened the claim and, on September 4, 2025, issued an additional payment.

Plaintiffs filed this action on January 23, 2026, seeking additional benefits under the policy. Defendant moves to dismiss, arguing, among other things, that Plaintiffs' action is barred by the one-year limitations period set forth in 42 U.S.C. § 4072 and the SFIP.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When considering the sufficiency of a complaint, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

**Analysis**

The National Flood Insurance Act provides that, following the "disallowance or partial disallowance" of a claim, an insured may bring an action challenging that determination "within one year after the date of mailing of notice of disallowance or partial disallowance." 42 U.S.C. § 4072. The SFIP likewise requires an insured to bring suit "within one year after the date of the written denial of all or part of the claim." *See* 44 C.F.R. pt. 61, app. A.

The Eleventh Circuit recently addressed the operation of this limitations period in *Zozo Investments LLC v. First Community Insurance Co.*, No. 25-12492, 2026 WL 1021517 (11th Cir. Apr. 15, 2026). There, the insurer initially denied the insured's flood claim. The insured thereafter continued pursuing the claim, submitted a sworn proof of loss, and received a second denial letter on a different

ground. The insured filed suit within one year of the second denial but more than one year after the first. The Eleventh Circuit nevertheless held that the action was untimely and affirmed its dismissal with prejudice. *Id.* at *1, *4. The court explained that the insured had "both the right and the obligation to file suit within a year after receiving its first denial letter." *Id.* at *3.

The Fifth Circuit has similarly held that a written denial triggers the limitations period notwithstanding an insurer's willingness to reconsider its determination or its continued investigation and processing of the claim. *Cohen v. Allstate Insurance Co.*, 924 F.3d 776, 781-82 (5th Cir. 2019). In *Cohen*, the insurer expressly left open the possibility of reconsidering its determination upon receipt of additional documentation and continued processing the claim after issuing the denial. The court nevertheless held that the earlier denial triggered the one-year limitations period. *Id.*

Those authorities foreclose Plaintiffs' argument here. FEMA partially denied Plaintiffs' claim by letter dated November 22, 2024. Plaintiffs did not file this action until January 23, 2026, more than one year later. Plaintiffs contend that FEMA subsequently reopened the claim and that its September 4, 2025, payment constituted its "ultimate coverage decision." But § 4072 does not measure the limitations period from an insurer's "ultimate coverage decision." It expressly measures the period from the mailing of notice of a "disallowance or partial disallowance." 42 U.S.C. § 4072. And *Zozo* confirms that an insured's continued pursuit of a claim following an initial denial does not postpone the obligation to file

suit within the statutory period. *See Zozo*, 2026 WL 1021517, at *3-4. Nor does FEMA's alleged reopening of the claim and issuance of an additional payment restart the limitations period. *See id.*; *Cohen*, 924 F.3d at 781-82. Plaintiffs identify no authority supporting their contrary position. While the Court understands Plaintiffs' frustration in dealing with this unfortunate situation, the law is not on their side, and the Court must follow the law. Consequently, because Plaintiffs filed this action more than one year after FEMA's November 22, 2024, partial denial, the action is time-barred pursuant to governing law from the Circuit Courts of Appeal.

Plaintiffs alternatively request leave to amend to substitute the FEMA Administrator as Defendant and to add allegations concerning FEMA's reopening of the claim, its September 2025 payment, and representations allegedly made by FEMA representatives. But amendment would be futile. Even accepting those proposed allegations as true, they would not alter the fact that FEMA partially denied Plaintiffs' claim on November 22, 2024, triggering the one-year limitations period. *See Zozo*, 2026 WL 1021517, at *3-4. Because the proposed amendment would not cure the untimeliness of Plaintiffs' claim, leave to amend is denied.

Because the action is barred by the applicable limitations period, the Court need not address Defendant's remaining arguments for dismissal.

Accordingly, it is hereby

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Defendant's "Motion to Dismiss for Lack of Subject Matter Jurisdiction," (Doc. 15) is **GRANTED**, as set forth herein.

2. Plaintiffs' complaint is **DISMISSED WITH PREJUDICE**.

3. Plaintiffs' request for leave to amend is **DENIED**.

4. The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 29th day of September, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE